**SAUER, Appellee,**

v.

**GREENE et al., Appellants.**

[Cite as *Sauer v. Greene* (1989), 62 Ohio App.3d 22.]

Court of Appeals of Ohio,
Montgomery County.

No. 11195.

Decided Jan. 20, 1989.

*David P. Strub,* for appellee.
*James R. Greene III,* for appellants.

---

FAIN, Judge.

Defendant-appellant James R. Greene, Jr. appeals from an order of the trial court disqualifying his counsel. Greene contends that the trial court had no sufficient basis for disqualifying his counsel. Greene further contends that the disqualification of his counsel impaired the obligation of his contract with his attorney to provide legal representation, in violation of Section 10, Article I of the United States Constitution, and Section 28, Article II of the Ohio Constitution.

We conclude that there was a basis in the record sufficient to sustain the trial court's exercise of its discretion to grant the motion to disqualify Greene's counsel. We further conclude that the proper exercise of discretion to enforce the Code of Professional Responsibility adopted by the Ohio Supreme Court for the regulation of the bar is not an impairment of the obligation of contract in violation of either the United States or Ohio Constitutions. Accordingly, the trial court's disqualification of Greene's counsel will be affirmed.

I

Plaintiff-appellee Beulah Sauer brought an eviction action in the Montgomery County Third District Court, and also an action on a promissory note and for the collection of unpaid rent in the Montgomery County Common Pleas Court. Greene, the defendant in at least the Montgomery County Common Pleas Court action, filed an answer and counterclaim in that case, which included a claim that he had a right to purchase the rental property at any time "up and until Defendants decide to vacate the premises." The Montgomery County Third District Court determined that there was an issue as to the

title to the subject property, over which it had no jurisdiction. Accordingly, it transferred the eviction action to the Montgomery County Common Pleas Court. The Montgomery County Common Pleas Court ordered the consolidation of the eviction action with the action on the promissory note and to recover unpaid rent. Unfortunately, although the consolidation entry is in the record for purposes of this appeal, we do not have the pleadings in the eviction action. That has some significance because, among other things, Sauer contends that Greene's counsel of record in this case, James R. Greene III, is actually a defendant in the eviction action. We have not been able to determine, from this record, whether that is so.

Sauer filed a motion to disqualify attorney Greene from representing defendant Greene in this case. The trial court granted the motion, and ordered the disqualification. From that order, Greene appeals.

## II

Greene's first assignment of error is as follows:

"The trial court erred in granting plaintiff's motion to disqualify counsel for violation of Disciplinary Rules 5–101 and 5–102 of the Code of Professional Responsibility."

The trial court based its decision to disqualify Greene's counsel partly upon the grounds that Sauer had indicated an intention to call Greene's counsel to testify as a witness. The trial court found that this testimony would be relevant to a contested matter, and that there had been no showing of undue hardship to Greene as a result of having to substitute counsel at that stage of the proceedings.

It appears from the record that Greene's attorney, acting on his own behalf, while Greene was residing in the premises with a claimed right to purchase the property at any time, made an offer to Sauer to purchase the property. Sauer indicated a desire to call Greene's attorney as a witness to explain why he offered to purchase the property from Sauer if, as he claimed in the litigation on behalf of his client, his client had the right to purchase the property. We agree with the trial court's conclusion that that testimony was relevant to a contested issue in the case, namely, Greene's claimed right to purchase the property.

A lawyer is not permitted to represent a client in litigation if he knows, or it is obvious, that he or a lawyer in his firm ought to be called as a witness, unless the testimony will relate solely to an uncontested matter, the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony, or if his disqualification would work a substantial hardship on the client because of the

distinctive value of the lawyer or his firm as counsel in the particular case. DR 5–101(B). A lawyer is required to withdraw from representation if he learns, or it is obvious, that he or a lawyer in his firm may be called as a witness other than on behalf of his client, if and when it becomes apparent that his testimony is, or may be, prejudicial to his client. DR 5–102(B).

■ These determinations necessarily involve the exercise of substantial discretion on the part of the trial court in connection with a motion for disqualification. The proper test for review of the granting of a motion to disqualify on these grounds is, therefore, whether the trial court abused its discretion. See *Guccione v. Hustler Magazine, Inc.* (1985), 25 Ohio App.3d 48, 25 OBR 182, 495 N.E.2d 586, which involved the similar issue of whether to grant a motion to admit out-of-state counsel *pro hac vice* when there was a likelihood that members of that firm might be called as witnesses at the trial. The review in that case was whether the trial court had abused its discretion in denying the motion to admit the out-of-state counsel. See, also, *Guccione v. Hustler Magazine, Inc.* (1985), 17 Ohio St.3d 88, 90, 17 OBR 211, 212, 477 N.E.2d 630, 632, fn. 1.

■ In the case before us, we are not prepared to say that the trial court abused its discretion in determining that the likelihood that Greene's counsel would be called as a witness by Greene's adversary, and that his testimony might be prejudicial to Greene, was sufficient to justify disqualification. We are also unprepared to say that the trial court abused its discretion in determining that that disqualification would not work a substantial hardship on Greene's client.

Greene's first assignment of error is overruled.

### III

Greene's second assignment of error is as follows:

"The trial court erred in granting plaintiff's motion to disqualify counsel for violation of Disciplinary Rule 5–103 of the Code of Professional Responsibility."

■ DR 5–103 prohibits an attorney from acquiring a proprietary interest in the subject matter of litigation he is conducting for a client, with certain exceptions not herein material. Sauer contends that Greene's counsel had to be disqualified pursuant to this rule because he had acquired an interest in the litigation sufficient to compromise his role as an officer of the court and as a dispassionate adviser to his client.

In this connection, it is frustrating not to be able to determine, from the record, the validity of Sauer's claim that Greene's counsel is actually a party

to the eviction action. Unfortunately, the record does not include the pleadings in the eviction action, even though that action has been consolidated, so that it is part of the case from which this appeal has been taken.

However, even if Greene's counsel is not a party to the eviction action, the record supports an inference that Greene's counsel was, at the time of the disqualification, at least, a resident of the property that is the subject of this litigation. The trial court so concluded from the fact that Greene's counsel listed the address of the property in question as his address in the answer that he filed on behalf of his client.

We agree with the trial court that Greene's counsel's interest in being permitted to continue his residency within the subject property was a sufficient ground for his disqualification.

Greene's second assignment of error is overruled.

## IV

Greene's third assignment of error is as follows:

"The trial court erred in granting plaintiff's motion to disqualify counsel as this is a violation of Article I, Section 10 of the Constitution of the United States and Article II, Section 28 of the Ohio Constitution."

There is nothing in the record to indicate that the Code of Professional Responsibility was amended to impair, or otherwise to interfere with, contractual rights already vested pursuant to a contract of legal representation between Greene and his counsel. Greene contends, however, that the right to enter into a contract of legal representation cannot be interfered with by the Code of Professional Responsibility consistently with the constitutional restrictions on the impairment of the obligation of contracts. If Greene were correct in his argument, the Supreme Court could not adopt any rules or regulations restricting the ability of an attorney to enter into, and then to perform, contractual obligations to clients. This argues too much.

By extension, if one of the judges of this court were, during the pendency of this appeal, to enter into a contract with Greene to provide legal advice to him concerning this appeal, while Greene might have to concede that that judge could properly be removed from office, he would argue that the courts could not prevent that contract from being enforced, because that would impair the obligation of contracts. We find no merit in this argument.

Greene's third assignment of error is overruled.

## V

All of Greene's assignments of error having been overruled, the order of the trial court disqualifying Greene's counsel will be affirmed.

*Judgment affirmed.*

Brogan and Wolff, JJ., concur.