DECISION
Defendants-appellants, Elite Express, Inc. and Elite Express of Indiana, Inc., appeal from the Franklin County Court of Common Pleas decision sustaining a motion filed by plaintiff-appellee, Pilot Corporation ("Pilot"), to disqualify appellants' attorney, Charles A. Koenig.
Elite Express is an Ohio corporation with two shareholders, Douglas K. Abel and Charles A. Koenig. Elite Express of Indiana, an Indiana corporation, is a wholly-owned subsidiary of Elite Express. In this breach of contract lawsuit, Pilot sued Elite Express, Elite Express of Indiana, Douglas Abel and Charles Koenig. Pilot alleged that the corporate defendants breached two written contracts with Pilot when they failed to pay for diesel fuel purchases. Pilot further alleged that Abel and Koenig failed to honor their guaranty agreement to pay the corporations' debts. Defendants filed counterclaims, alleging breach of contract and price fixing.
Charles Koenig is an attorney. In addition to serving as president and treasurer for appellants, he has acted as legal counsel for both corporations since 1996. Koenig testified by deposition that he was involved in the negotiations, execution and operations of the written contracts. Koenig testified as the sole witness on behalf of Express Elite in related bankruptcy proceedings, where Express Elite was represented by outside counsel. Charles Koenig is representing appellants in this action.
On May 31, 2001, Pilot moved to disqualify Koenig from representing appellants, arguing that disqualification was required because Koenig is a key witness for the corporations. The trial court granted the motion on September 21, 2001. The court reasoned that Koenig ought to testify on behalf of his corporate clients and, pursuant to Disciplinary Rule 5-102(A) of the Code of Professional Responsibility, Koenig may not serve as an advocate and witness. The court further concluded that disqualification of Koenig would not work a substantial hardship upon appellants sufficient to overcome DR 5-102(A).
Appellants now assign the following errors:
APPELLANTS' ASSIGNMENT OF ERROR NO. 1
 The Trial Court Erred When It Decided That Appellants' Attorney Was Disqualified From Representing Appellants Pursuant To DR 5-102(A) Because The Trial Court Determined It Was Clear That Appellants' Attorney Ought To Testify In The Instant Litigation.
APPELLANTS' ASSIGNMENT OF ERROR NO. 2
 The Trial Court Erred When It Decided That The Disqualification Of Appellants' Attorney Would Not Work A Substantial Hardship On Appellants Pursuant to DR 5-101(B)(4), Which Provides An Exception To DR 5-102(A).
The Code of Professional Responsibility sets forth the legal standards relating to the practice of law in Ohio. Within the Code of Professional Responsibility, Canons express "the standards of professional conduct," Ethical Considerations "represent the objectives toward which every member of the profession should strive," and Disciplinary Rules "state the minimum level of conduct below which no lawyer can fall." Code of Professional Responsibility, Preface.
Canon 5 states that "A Lawyer Should Exercise Independent Professional Judgment on Behalf of a Client." This Canon is enforced, in part, by DR 5-102(A), which states as follows:
 If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B)(1) through (4).
Unlike other rules in the Code of Professional Responsibility, DR 5-102(A) makes no provision for client waiver. Moreover, E.C. 5-10 declares that "[w]here the question arises, doubts should be resolved in favor of the lawyer testifying and against his becoming or continuing as an advocate."
In Mentor Lagoons, Inc. v. Teague (1991), 71 Ohio App.3d 719, the court discussed the burden of proof on a motion to disqualify and drew a distinction between a conflict which occurs before and after an attorney accepts employment and DR 5-101(B) and DR 5-102(A) and (B). The court stated, at 724:
 In relation to the situation under DR 5-102(B) in which the attorney learns after accepting employment that he will be called as a witness for the opposing party, this court would agree that the party moving to disqualify would have the burden of showing that the proposed testimony may be prejudicial to the client. See Freeman v. Kulicke Soffa Industries, Inc. (E.D.Pa. 1978), 449 F. Supp. 974. Under these circumstances, the opposing party would have knowledge of those facts which would indicate whether the testimony will be prejudicial.
 However, under DR 5-101(B) when the attorney becomes aware of the possible conflict before accepting employment, this burden would not apply, even if the opposing party moves to disqualify. This rule specifically states that the attorney "shall not" accept employment unless one of the four exceptions applies. The same rationale applies under DR 5-102(B); there, an attorney who realizes after employment has begun, that he ought to be called as a witness for his client, "shall withdraw." (Emphasis added.) In the opinion of this court, this language creates a rebuttable presumption against employment which must follow unless an exception applies. Thus, this situation is inherently different from that under DR 5-102(B), in which the presumption is in favor of continuing employment. [Emphasis sic.]
Accordingly, when a lawyer ought to testify on behalf of his client, he must withdraw from representation unless he is able to establish that one of the exceptions in DR 5-101(B)(1) through (4) applies. Id. DR 5-101(B) states as follows:
 (B) A lawyer shall not accept employment in contemplated or pending litigation if the lawyer knows or it is obvious that the lawyer or a lawyer in the firm ought to be called as a witness, except that the lawyer may undertake the employment and the lawyer or a lawyer in the firm may testify:
 (1) If the testimony will relate solely to an uncontested matter.
 (2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
 (3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or the firm to the client.
 (4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or the firm as counsel in the particular case.
In 155 North High, Ltd. v. Cincinnati Ins. Co. (1995), 72 Ohio St.3d 423,427-428, the Ohio Supreme Court outlined the procedure for the trial court to follow in deciding whether a lawyer can continue his representation:
 * * * [T]he court must first determine the admissibility of [the lawyer's] testimony without reference to the Disciplinary Rules; if the court finds the testimony admissible, the party or court may move for the attorney to withdraw or be disqualified and the court must then consider whether any exceptions to the Disciplinary Rules are applicable, thus permitting the attorney to testify and continue representation. * * *
In deciding whether continued representation is appropriate, "the issue is one which concerns the regulation of the practice before the trial court and the protection of the integrity of the proceedings." Teague, at 725. "[A] court cannot knowingly participate in what it perceives to be a breach of an ethical or disciplinary violation." Id. See, also, Mentor Lagoons, Inc. v. Rubin (1987), 31 Ohio St.3d 256, 259. "These determinations necessarily involve the exercise of substantial discretion on the part of the trial court in connection with a motion for disqualification." Sauer v. Greene (1989), 62 Ohio App.3d 22, 25. "In reviewing a judgment on a motion to disqualify counsel, an appellate court will reverse only when the trial court abused its discretion." Teague, at 727.
By their first assignment of error, appellants contend that the trial court abused its discretion when it concluded that Koenig ought to testify on behalf of Elite Express and Elite Express of Indiana. They contend that they do not intend to call Koenig to testify. They further argue that two other witnesses who participated in contract negotiations can testify, rendering Koenig's testimony repetitive and, therefore, of nominal value.
Appellants contend that DR 5-102(A) does not apply because appellants do not intend to call Koenig as a witness. In Libbey-Owens-Ford Co. v. Martin (1996), Franklin App. No. 96APE02-215, this court rejected a client's argument that it made an informed decision not to call its attorney as a witness, noting that "the trial court's inquiry is whether the attorney `ought to testify' on behalf of his or her client." Recognizing that DR 5-102(A) "makes no provision for client waiver of its application," the Libbey-Owens-Ford Co. court concluded that the analysis of whether an attorney ought to testify "establishes an objective standard which properly addresses the plethora of subtle or not-so-subtle ethical considerations involved in the proper prosecution and administration of litigation under these conditions." Id.
We conclude that the trial court did not abuse its discretion when it determined that Koenig ought to testify on behalf of his clients. The record establishes that Koenig was involved in negotiating and executing the contracts that form the basis of the disputes. The record further establishes that Express Elite chose Koenig to testify as their sole witness in a related bankruptcy proceeding. Furthermore, the existence of two other potential witnesses do not negate the fact that Koenig ought to testify. Appellants stated in their memorandum to the trial court that the other witnesses can only testify "as to most relevant facts which Attorney Koenig could testify about." (Emphasis added.) Furthermore, even if two other witnesses could testify regarding all the relevant facts, Koenig's testimony would not necessarily be redundant, as the claims in this case may turn on the trier's resolution of factual disputes for which corroborative evidence could prove important. Accordingly, we overrule appellants' first assignment of error.
By their second assignment of error, appellants contend that the trial court abused its discretion when it concluded that Koenig's disqualification would not work a substantial hardship on appellants. They contend that they have been out of business since January 2001, and that they have significant debt and no assets or income. They argue that they will be unable to retain replacement counsel because they are unable to pay for legal services and, accordingly, that the exception in DR 5-101(B)(4) entitles Koenig to continue with his representation.
As an initial matter we note that, although appellants argue in their briefs that disqualification will work a hardship, they have not supported their assertion by affidavits or other evidence and, accordingly, they have not met their burden. Even if appellants provided proper evidence to support their arguments, however, we still conclude that the trial court did not abuse its discretion when it concluded that the exception in DR 5-101(B)(4) does not apply. "The attorney who intends to invoke [DR 5-101(B)(4)] has the burden to prove that his or her services provide a distinctive value and that his or her disqualification would work a substantial hardship on his or her client." 155 North High, Ltd., at 429-430. We conclude that appellants failed to demonstrate either element.
To establish the element of distinctive value, the attorney must show that he has "specialized knowledge." Id. at 429. "This exception generally contemplates an attorney who has some expertise in a specialized area of law such as patents, and the burden is on the attorney seeking to continue representation to prove distinctiveness." Id. Mere familiarity with the case is not enough to establish specialized knowledge. Id. at 430. In the instant action, appellants provide no evidence that Koenig has specialized knowledge. In fact, appellants state in their brief that they "do not here suggest that the skills or acumen of the undersigned counsel are anything other than ordinary." Appellants have therefore failed to establish the first element of the DR 5-101(B)(4) exception.
With regard to the second element, Ohio courts have consistently held that "substantial hardship requires more than a showing of mere financial hardship." Id. at 429. Appellants argue that, as a result of their financial position, they are unable to afford replacement counsel. We conclude that the trial court did not abuse its discretion when it concluded that appellants' argument of financial hardship was inadequate in warrant application of the exception. Accordingly, we overrule appellants' second assignment of error.
For the foregoing reasons, we overrule appellants' first and second assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
PETREE and BROWN, JJ., concur.