DIXON et al.

v.

ST. VINCENT MERCY MEDICAL CENTER et al.

2004-Ohio-6497.]

Court of Common Pleas of Ohio,
Lucas County.

No. G–4801–CI–0200402442.

Decided Aug. 10, 2004.

Robert W. Lipp III, for plaintiffs.

James E. Brazeau and Rudolph A. Peckinpaugh Jr., for defendants.

FREDERICK H. MCDONALD, Judge.

{¶ 1} This case is before the court on a motion for admission pro hac vice filed on behalf of the plaintiffs, Devine Dixon, a minor, and Deven Dixon, a minor, by their natural mother and next friend, Crystal Dixon, and Crystal Dixon individually, and the oppositions of the defendants Michael S. Cardwell, M.D. and St. Vincent Mercy Medical Center ("St. Vincent") to that motion. For the reasons that follow, I find that the motion for admission pro hac vice is well taken and should be granted.

## I

{¶ 2} On March 26, 2004, plaintiffs filed a complaint against St. Vincent, Dr. Cardwell, and other physicians, and various John Doe medical professionals. The complaint alleges medical negligence at the time of the birth of the twin plaintiffs that resulted in permanent brain damage. The complaint was filed by attorney Robert W. Lipp III, an attorney licensed to practice in the states of Ohio and Michigan, whose office is in Dayton, Ohio. On June 4, 2004, Lipp filed a motion requesting permission for Richard T. Counsman to appear pro hac vice. According to affidavits filed by Lipp and Counsman, Counsman is a member in good standing of the bar of the state of Michigan and has considerable experience in medical negligence cases involving birth trauma issues.

{¶ 3} Defendants Cardwell and St. Vincent have filed memoranda in opposition to plaintiffs' motion for admission pro hac vice.

## II

{¶ 4} The general rules in Ohio relating to permission for an out-of-state attorney to appear in a particular case only are well established. The court in *Westfall v. Cross* (2001), 144 Ohio App.3d 211, 216–217, 759 N.E.2d 881, summarized those rules as follows:

The right of an out-of-state attorney to appear as counsel in an Ohio court is not an absolute right, but, rather, is a matter within the discretion of the trial court. *Royal Indemn. Co. v. J.C. Penney Co.* (1986), 27 Ohio St.3d 31, 33, 27 OBR 447, 448–449, 501 N.E.2d 617, 619–620. The right to confer or revoke *pro hac vice* status is "part of the court's inherent power to regulate the practice before it and protect the integrity of its proceedings." Id. at 33–34, 27 OBR at 449, 501 N.E.2d at 620. Gov.Bar R. I(9)(H) acknowledges this inherent power by stating that the rules governing the admission to the practice of law in Ohio

do "not apply to participation by an attorney not yet admitted to practice in Ohio in a cause being litigated in the State when such participation is with leave of the judge hearing such case." The right to appear as counsel *pro hac vice* is conferred by the common law and not by statute.

See, also, *Swearingen v. Waste Technologies Industries* (1999), 134 Ohio App.3d 702, 731 N.E.2d 1229, and *State v. Ross* (1973), 36 Ohio App.2d 185, 65 O.O.2d 316, 304 N.E.2d 396. A trial judge may revoke the pro hac vice admission of an attorney who engages in egregious misconduct that could taint or diminish the integrity of future proceedings in the case. *Royal Indemn. Co. v. J.C. Penney Co.* (1986), 27 Ohio St.3d 31, 27 OBR 447, 501 N.E.2d 617, at paragraph one of the syllabus.

{¶ 5} In his memorandum, Dr. Cardwell relies on the *Ross* case. *Ross* was a criminal case in which the trial court concluded that an out-of-state attorney would not comply with Ohio's Code of Professional Responsibility with respect to out-of-court statements. The court denied the request to be admitted pro hac vice. The court of appeals found that the trial court did not abuse its discretion and set out three questions that maybe used by a trial court in ruling on a motion for admission pro hac vice. Those three questions are

(1) Did there exist a long-standing close personal relationship between the party and the out-of-state counsel? (2) Is the out-of-state counsel the customary counsel for the party in jurisdictions where such out-of-state counsel is admitted to practice? and (3) What is the situation with respect to the availability of counsel admitted to practice in Ohio who are competent to represent the party in the case?

36 Ohio App.2d at 197, 65 O.O.2d 316, 304 N.E.2d 396.

{¶ 6} Dr. Cardwell's reliance on these three factors is misplaced for several reasons. The first two factors are clearly inapplicable in a personal-injury case alleging medical malpractice, since the typical plaintiff in such a case has neither a long-standing close personal relationship with an attorney, nor does the typical plaintiff have counsel in other states. With regard to the third factor, plaintiffs currently have Ohio counsel available that is competent to represent them—Lipp.

{¶ 7} However, the *Ross* court stated that the factors it considered were nonexclusive. Id., 36 Ohio App.2d at 197, 65 O.O.2d 316, 304 N.E.2d 396. In *Westfall* and *Swearingen,* the Seventh District Court of Appeals noted that the three *Ross* factors were nonexclusive and considered other factors as well. Those factors include the age of the case at the time the pro hac vice motion was filed, the nature of the litigation, the complexity of the litigation, the burden on the nonmoving party and court if new counsel is permitted to appear, the prejudice to the moving party if the motion is denied, the interest of the litigant in choosing counsel, the prejudice to the party opposing the pro hac vice motion, and the

ability of the court to maintain the orderly administration of justice. To this list of factors must be added a consideration of EC 3–9 of the Ohio Code of Professional Responsibility. It states:

> Regulation of the practice of law is accomplished principally by the respective states. Authority to engage in the practice of law conferred in any jurisdiction is not per se a grant of the right to practice elsewhere, and it is improper for a lawyer to engage in practice where he is not permitted by law or by court order to do so. However, the demands of business and the mobility of our society pose distinct problems in the regulation of the practice of law by the states. In furtherance of the public interest, the legal profession should discourage regulation that unreasonably imposes territorial limitations upon the right of a lawyer to handle the legal affairs of his client or upon the opportunity of a client to obtain the services of a lawyer of his choice in all matters including the presentation of a contested matter in a tribunal before which the lawyer is not permanently admitted to practice.

{¶ 8} The *Ross* case is a 30–year–old criminal case that is not binding on this court. It has limited applicability to the facts of this case, and it is not persuasive. For those reasons, it will not be followed.

■ {¶ 9} I have considered the factors identified in *Westfall* and *Swearingen* and also the factors contained in EC 3–9. I find that the interest of the plaintiffs in being represented by lawyers of their choice outweighs any of the other factors and interests present in this case. For that reason, I find that the motion for admission of Counsman pro hac vice should be granted.

### III

{¶ 10} Defendant St. Vincent, in its memorandum in opposition to plaintiffs' pro hac vice motion, incorporates the arguments in Dr. Cardwell's memorandum. In addition, St. Vincent argues that Loc.R. 1.03(A) of the Court of Common Pleas of Lucas County, General Division, requires that plaintiffs' motion should be denied, since it does not designate local counsel to serve as co-counsel. Loc.R. 1.03(A) states:

> Only attorneys licensed to practice in Ohio shall practice in the general division. If a judge grants a motion *pro hac vice* to allow a member of another state's bar to appear as counsel on a particular case, local counsel shall also be designated as co-counsel.

{¶ 11} R.C. 4705.01 states that, with certain inapplicable exceptions, "admission to the bar shall entitle the person to practice before any court or administrative tribunal without further qualification or license." Since it is undisputed that Lipp is admitted to practice in the state of Ohio, he is qualified to appear in the Lucas

County Court of Common Pleas and therefore qualifies as local counsel under Loc.R. 1.03(A). It follows that St. Vincent's objection to the plaintiffs' motion on the grounds of Loc.R. 1.03(A) must be rejected.

## JUDGMENT ENTRY

{¶ 12} The court finds that plaintiffs' motion for admission pro hac vice filed June 4, 2004, is well taken, and it is ordered that Richard T. Counsman is admitted to appear *pro hac vice* as counsel for plaintiffs in this case.

So ordered.