MEMORANDUM DECISION
{¶ 1} On August 30, 2004, appellants, Paige Newsome, a minor, along with her parents, Jessica and Brian Newsome, filed a complaint against appellees, Mount Carmel Health System, d/b/a Mount Carmel West Medical Center ("Mount Carmel"); Richard Marger, M.D.; Robert A. Jaskot, M.D.; Diana M. Zitter, M.D.; and Southwestern Obstetrics Gynecology, Inc., alleging negligence during Paige's birth causing convulsions, birth asphyxia, fetal distress, hypoxic-ischemic encephalopathy, brain damage, mental retardation and disfigurement, including cerebral palsy. Attorney Jack Beam submitted the complaint and had Douglas J. Raymond, Jeremiah J. Kenney and Geoffrey N. Fieger listed as additional attorneys for appellants. Fieger is not admitted to practice in Ohio. Appellants filed a motion to admit Fieger pro hac vice. The trial court denied the motion. Appellants filed a motion for reconsideration, which was also denied.
 {¶ 2} Appellants filed a notice of appeal and raise the following assignment of error:
The Trial Court Erred in Denying both Plaintiffs' Motion of Jack beam, Counsel for Plaintiff to Admit Geoffrey N. Fieger,Pro Hac Vice and Plaintiffs' Motion for Reconsideration of Order re: Motion To Admit Geoffrey N. Fieger, Pro Hac Vice,
Motion to Correct the Record and Motion for Evidentiary Hearing.
 {¶ 3} By the assignment of error, appellants contend that the trial court erred in denying the motion to admit Fieger pro hac vice, the motion for reconsideration, motion to correct the record and motion for an evidentiary hearing. The standard of review of an order denying pro hac vice status is whether an abuse of discretion has occurred. State v. Ross (1973),36 Ohio App.2d 185, 188; Royal Indemnity Co. v. J.C. Penney Co. (1986),27 Ohio St.3d 31, 33. In order to find that the trial court abused its discretion, we must find more than an error of law or judgment, an abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. Most instances of an abuse of discretion result in decisions that are unreasonable as opposed to arbitrary and capricious. AAAA Enterprises, Inc. v.River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157. A decision that is unreasonable is one that has no sound reasoning process to support it. An appellate court is not permitted to find an abuse of discretion merely because it would have arrived at a different result if it had reviewed the matter de novo. Id. at 161.
 {¶ 4} Attorneys who are admitted in other states, but not in Ohio, may seek permission from the court to appear pro hac vice. Gov.Bar. R. I(9)(H). "Each state has the right to regulate the practice of law within its jurisdiction, and to require that a person be admitted to practice by that state before he may be permitted to act as the attorney for any person in that state[.]"Ross, at 187. Out-of-state attorneys have no absolute right under state or federal law to practice in Ohio. RoyalIndemnity, at 33, citing Leis v. Flynt (1979), 439 U.S. 438. The power of a court to grant pro hac vice status is part of the court's inherent power to regulate the practice before it and to protect the integrity of its proceedings. Royal Indemnity, at 33-34. The constitutional right to representation by counsel is limited to counsel admitted to practice in that state, unless no competent counsel so admitted is available. Ross, at 187-188.
 {¶ 5} In Ross, at 197, this court set forth three non-exclusive factors to be utilized by the trial court to determine whether to grant a motion for pro hac vice, as follows:
(1) Did there exist a long-standing close personal relationship between the party and the out-of-state counsel? (2) Is the out-of-state counsel the customary counsel for the party in jurisdictions where such out-of-state counsel is admitted to practice? and (3) What is the situation with respect to the availability of counsel admitted to practice in Ohio who are competent to represent the party in the case? * * *
 {¶ 6} Appellants argue that the factors set forth in Ross
are not applicable to a personal injury case and that this court should apply Dixon v. St. Vincent Mercy Med. Ctr.,129 Ohio Misc.2d 45, 2004-Ohio-6497, instead of Ross. In Dixon, the Lucas County Court of Common Pleas found that the interest of plaintiffs in being represented by attorneys of their choice outweighed any of the other factors and interests.
 {¶ 7} In Dixon, the court cited additional factors examined in both Swearingen v. Waste Technologies Industries (1999),134 Ohio App.3d 702, and Westfall v. Cross (2001),144 Ohio App.3d 211, including, "the age of the case at the time the pro hac vice motion was filed, the nature of the litigation, the complexity of the litigation, the burden on the nonmoving party and court if new counsel is permitted to appear, the prejudice to the moving party if the motion is denied, the interest of the litigant in choosing counsel, the prejudice to the party opposing the pro hac vice motion, and the ability of the court to maintain the orderly administration of justice." Dixon, at ¶ 7. The Dixon court added a consideration of EC 3-9 of the Ohio Code of Professional Responsibility, which provides, at ¶ 7, as follows:
"Regulation of the practice of law is accomplished principally by the respective states. Authority to engage in the practice of law conferred in any jurisdiction is not per se a grant of the right to practice elsewhere, and it is improper for a lawyer to engage in practice where he is not permitted by law or by court order to do so. However, the demands of business and the mobility of our society pose distinct problems in the regulation of the practice of law by the states. In furtherance of the public interest, the legal profession should discourage regulation that unreasonably imposes territorial limitations upon the right of a lawyer to handle the legal affairs of his client or upon the opportunity of a client to obtain the services of a lawyer of his choice in all matters including the presentation of a contested matter in a tribunal before which the lawyer is not permanently admitted to practice."
 {¶ 8} In applying the Ross factors, the trial court found appellants did not demonstrate that they had a long-standing relationship with Fieger. In fact, another attorney recommended Fieger and appellants found information regarding him through research on the Internet. Secondly, Fieger is not appellants' customary counsel since this is the first action in which they had sought his representation. Third, the trial court found competent Ohio counsel, Beam, had represented appellants from the beginning of the action.
 {¶ 9} The trial court also considered factors in addition to those set forth in Ross. The trial court determined that appellants would not be prejudiced by the denial of Fieger's admission in this case, since very little discovery has occurred, Fieger has not proceeded with their claims because his pro hac vice motion had not been granted, and Beam had been appellants' sole attorney in the case. Finally, the trial court found that, while appellants' interest in obtaining counsel is strong, the trial date was scheduled for 18 months in the future, which was more than sufficient time to retain additional counsel, if needed.
 {¶ 10} In the decision denying the motion for reconsideration, the trial court found that it properly considered the Ross factors, as they were controlling and theDixon case was not controlling precedent given that it is a common pleas court decision from another county and has not been followed or even cited by another Ohio court. The trial court again reiterated that the fact that Fieger's name was on the complaint was not a factor in denying the motion for pro hac vice. The court determined that an evidentiary hearing is not required before denying a motion for pro hac vice and denied appellants' motion for an evidentiary hearing.
 {¶ 11} We cannot say that the trial court abused its discretion. We recognize that for many individuals the factors inRoss are of limited application as most do not have a long-standing relationship with a particular attorney, let alone one out of state, but, rather, retain counsel only on occasion such as for the purchase of a home, drafting a will, or a divorce. Nonetheless, the trial court considered numerous factors and determined that the motion for pro hac vice should be denied. Appellants argue that the trial court ignored Jessica Newsome's affidavit and denied appellants their chosen counsel. Jessica Newsome stated in her affidavit that she and her husband consulted five other Ohio attorneys, of which three had special competence in medical malpractice, and none of the five offered to represent them; thus, she concluded that she could not find Ohio counsel to represent her daughter. (Newsome Affidavit, at ¶ 2-3.) There is no constitutional right to counsel in a civil proceeding between individual litigants. Roth v. Roth (1989),65 Ohio App.3d 768, 776. However, the fact that appellants have been represented by competent Ohio counsel, Beam, from the beginning of the action and have sufficient time to retain additional counsel, if necessary or desired, we find the trial court did not abuse its discretion by denying the motion to admit Fieger pro hac vice, the motion for reconsideration, motion to correct the record and motion for an evidentiary hearing. Appellants' assignment of error is not well-taken.
 {¶ 12} For the foregoing reasons, appellants' assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Sadler and Travis, JJ., concur.
Bowman, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.