[Cite as *Stull v. Summa Health Sys.*, 2023-Ohio-4848.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

KALVYN STULL, et al.

    Appellees

    v.

SUMMA HEALTH SYSTEM, et al.

    Appellants

C.A. No. 30698

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No. CV 2019 06 2259

DECISION AND JOURNAL ENTRY

Dated: December 29, 2023

FLAGG LANZINGER, Judge

{¶1} Defendant-appellant Summa Health Systems appeals from the judgment of the Summit County Court of Common Pleas, denying its reapplication for Attorney Osterman to appear pro hac vice. This Court affirms.

I.

{¶2} This medical malpractice case was initiated on June 20, 2019. For the first sixteen months of litigation, Summa was represented by two local attorneys. In October, 2020, Summa filed motions for permission for two attorneys from Colorado to appear pro hac vice in addition to local attorneys. The trial court granted Summa's motions and permitted both out-of-state attorneys to appear pro hac vice. The trial court also required Ohio attorneys to appear at all official proceedings, including depositions, and prohibited pro hac vice attorneys from signing any official documents. The trial court noted that it would evaluate the participation of the pro hac vice

attorneys at the final pretrial if the matter proceeded to trial and indicated that the trial court would "revisit provisions in [its] Order" if it found "that it is causing a disruption in the case."

**{¶3}** On February 10, 2023, the trial court received notice that the Ohio Supreme Court revoked Attorney Osterman's ability to practice law within the state because he failed to renew his pro hac vice registration. On February 24th, the trial court removed Attorney Osterman as an attorney of record on the case. Attorney Osterman filed a new application with the Ohio Supreme Court and was granted pro hac vice status. Summa then filed a new motion for permission to allow Attorney Osterman to appear pro hac vice with the trial court. The trial court denied the motion. Summa now appeals raising one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANTS' RE- APPLICATION FOR ATTORNEY BRIAN OSTERMAN TO APPEAR PRO HAC VICE.**

**{¶4}** Summa argues that the trial court abused its discretion when it denied its motion for Attorney Osterman to appear pro hac vice. We disagree.

**{¶5}** The standard of review of an order denying pro hac vice status is whether the trial court abused its discretion. *Newsome v. Mt. Carmel Health Sys.*, 10th Dist. Franklin No. 05AP-169, 2005-Ohio-6853, ¶ 3; *Royal Indemn. Co. v. J.C. Penney Co.*, 27 Ohio St.3d 31, 33-34 (1986). In order to find that the trial court abused its discretion, we must find more than an error of law or judgment, an abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶6}** The Supreme Court has said that:

> The decision of whether to permit representation by out-of-state counsel in an Ohio court is a matter within the discretion of the trial court. * * * Out-of-state lawyers have no absolute right under state or federal law to practice in Ohio. * * * Furthermore, once pro hac vice status is extended, a trial court retains the power to revoke the status. This is part of the court's inherent power to regulate the practice before it and protect the integrity of its proceedings.

*Royal Indemn. Co.* at 33-34.

**{¶7}** The record indicates this is a complex medical malpractice case where plaintiff alleges a traumatic brain injury. This case was pending before the court for over four years. Two competent Ohio attorneys were already involved in this matter and were aware of the details of this case. Though Attorney Osterman was removed, the other pro hac vice attorney from Colorado continued to represent Summa. In Summa's second motion for permission to appear pro hac vice, it proffered no explanation for why Attorney Osterman failed to renew his pro hac vice registration for 2023.

**{¶8}** In its February 28, 2021 order, the trial court granted Attorney Osterman's pro hac vice appearance, with limitations. The trial court required Ohio attorneys to appear at all official proceedings, prohibited pro hac vice attorneys from signing official documents, and noted that it would evaluate the participation of the pro hac vice counsel at trial. The trial court stated "[t]he Court may revisit provisions in this Order should it find that it is causing a disruption in the case." The trial court notified Attorney Osterman and Summa that his appearance as counsel may be re-evaluated.

**{¶9}** After a thorough review of the record, this Court cannot conclude that the trial court abused its discretion when it denied Summa's new motion for an attorney to appear pro hac vice because (1) the Supreme Court revoked Attorney Osterman's ability to practice law in Ohio (2) Summa failed to provide an explanation for why Attorney Osterman had not renewed his pro hac

vice registration (3) there were already competent Ohio counsel involved in the matter, and (4) out-of-state attorneys have no absolute right to appear before Ohio courts. Accordingly, Summa's assignment of error is overruled.

## III.

{¶10} Summa's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, P. J.
CONCURS IN JUDGMENT ONLY.

CARR, J.
DISSENTING.

{¶11} I respectfully dissent from the judgment of the majority as I would conclude that the trial court abused its discretion in denying the application for the attorney to appear pro hac vice.

{¶12} Here, the trial court's concerns over delay were unfounded as the case was already stayed due to a discovery issue pending with the Supreme Court. Moreover, it was the trial court's denial of this application that led to this appeal, potentially causing further delay. Additionally, the underlying litigation is very complex, and the Appellant sought to have this attorney appear on its behalf because Appellant believed the attorney's expertise in the area would be valuable to its defense. Finally, the attorney's error was a non-egregious ministerial mistake, i.e. he failed to timely pay a registration fee to Ohio.

APPEARANCES:

EMILY K. ANGLEWICZ, MEGAN M. MILLICH, and MICHAEL J. HUDAK, Attorneys at Law, for Appellants.

LEE E. PLAKAS, MEGNA J. FRANTZ OLDHAM, COLLIN S. WISE, and LAUREN A. GRIBBLE, Attorneys at Law, for Appellees.

BRIAN ZIMMERMAN, Attorney at Law, for Appellees.