DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Lucas County Court of Common Pleas wherein appellant, Sofia Roble, was found guilty of drug possession in violation of R.C.2925.11(A)(C)(1)(a). Because we find that the trial court abused its discretion in denying appellant's motion for admission pro hac vice, we reverse.
 {¶ 2} On May 14, 2004, appellant was driving a Dodge Durango northbound on Interstate 75 in Toledo, Ohio when she was pulled over by the police for an improper lane change. Agent Ellinwood of the Toledo Metro Drug Task Force initially approached the vehicle. Appellant produced a Minnesota license and a rental agreement showing that the Durango was owned by a rental company located in Jamaica, New York. Appellant claimed she was on her way to Michigan for a vacation. Her passenger claimed that he did not know appellant and that she had just picked him up in Columbus, Ohio. Both occupants claimed that they had no luggage though Agent Ellinwood could see something covered up with a sheet in the rear of the vehicle. Because Agent Ellinwood found their behavior suspicious, he decided to walk his drug detection dog around the vehicle. The dog immediately alerted to the rear of the vehicle indicating the location of a controlled substance. In the vehicle were four duffel bags filled with, what Agent Ellinwood described as, "a green, vegetable type substance."
 {¶ 3} The substance was later determined to be Khat, a plant found primarily in East Africa and the Arabian Peninsula. Khat leaves are typically chewed, a tradition deeply rooted in the social lives of persons in the Middle East and southeastern Africa. It is estimated that approximately 60 to 70 percent of Somalis in Somalia chew khat on a regular basis and/or brew it into tea and drink it. See State v. Samatar, 10th Dist. No. 03AP-1057, 2004-Ohio-2641. Khat contains the psychoactive chemical cathinone, a stimulant. Cathinone is listed as a Schedule I controlled substance under Ohio law. See R.C. 3719.41, Schedule 1, (E)(2). Khat also contains the less potent stimulant, cathine, a Schedule IV controlled substance under Ohio law. See R.C. 3719.41, Schedule IV, (D)(1).
 {¶ 4} On May 24, 2004, appellant was indicted for aggravated drug possession, a violation of R.C. 2925.11(A), and aggravated trafficking in drugs, a violation of R.C. 2925.03(A)(2). Appellant entered not guilty pleas. On November 5, 2004, a jury found her guilty of drug possession, a fifth degree felony. She was sentenced to serve six months at the Corrections Center of Northwest Ohio and three years of community control. Appellant now appeals setting forth the following assignments of error:
 {¶ 5} "I. The court erred in denying defendant's motion for admission pro hac vice."
 {¶ 6} "II. The trial court erred in denying defendant's motion to suppress as the investigative stop was constitutionally impermissible as the officer engaged in impermissible delay."
 {¶ 7} In her first assignment of error, appellant contends that the trial court erred in denying her motion for pro hac vice. Approximately four months before her trial date, appellant filed a motion to admit Georgia attorney, Sidney L. Moore, Jr., pro hac vice as co-counsel to her local attorney. In her motion, appellant explained that Moore was a member in good standing of the Bars of the Supreme Court of Georgia and of the southern, middle and northern districts of Georgia, United States District Courts. According to her motion, Moore had familiarized himself with the local court rules. Appellant sought Moore's admission and representation because of his unique experience in representing criminal defendants charged with possession of khat. Specifically, in a six year time period, Moore had participated in the defense of defendants charged in the states of Georgia, Texas, Kansas, Tennessee, Ohio, Michigan, New York, Maine, Maryland, Virginia and North Carolina.
 {¶ 8} On July 7, 2004, the trial judge summarily denied appellant's motion. On July 13, 2004, appellant filed a "motion for reconsideration of denial of motion for admission pro hac vice." Appellant included a list of cases involving khat that were handled by Moore as well as his resume. Appellant detailed her reasons for seeking out of state counsel as follows. In order to convict appellant of possessing a controlled substance, the state must prove that the plants that were seized from her vehicle contained cathinone (2 amino-1phenyl-1-propanone). This can be tricky as cathinone is a very unstable ketoamine base which is only produced in a living plant and rapidly deteriorates if the stem is removed from the plant unless the plant is refrigerated. Appellant contended in her motion that her plants had been unrefrigerated for a week before the police seized them. She therefore contended that it was reasonable to assume that the plant matter seized from her possession lacked a controlled substance. Moreover, appellant contended that there exist at least eight unregulated ephedrine compounds in the plant which are chemically similar to cathinone and can be easily confused with cathinone. For these reasons, appellant maintained that she needed an attorney well versed with the chemical composition of khat as well as other ephedrine compounds, to be available for the limited purpose of conducting a meaningful and thorough cross-examination of the state's chemical witness. The trial judge summarily denied appellant's motion for reconsideration.
 {¶ 9} On the day of trial, appellant again asked the trial judge to admit Moore pro hac vice. In denying her request, the trial judge expressed his confidence in appellant's trial counsel.
 {¶ 10} "There's nobody in Lucas County that I can think of that's a better lawyer. As far as being a lawyer there are very few people in Ohio or anywhere that's dealt with this particular drug. But he's familiarized himself with this drug. I was very impressed [at the suppression hearing] with his knowledge of the drug and they referred to as the shelf life, how long is it potent or if that's the right terminology. So it appears to me that [trial counsel] is well versed in this drug and is prepared to proceed today and cross examine the chemist on the issues involved in this particular substance."
 {¶ 11} Out-of-state lawyers have no absolute right under state or federal law to practice in Ohio. Royal Indemnity Co. v.J.C. Penney Co. (1986), 27 Ohio St.3d 31, 33; In re Myers
(1995), 107 Ohio App.3d 489, 495. Attorneys admitted in other states, but not in Ohio, may request permission from an Ohio court to appear pro hac vice. Gov.Bar R. I(9)(H), RoyalIndemnity Co., supra, at 33. A court may specially admit an attorney not admitted to practice in Ohio, but in good standing in another state, to represent a person in a particular case.State v. Ross (1973), 36 Ohio App.2d 185, 188. The decision whether to permit an attorney to appear pro hac vice lies within the discretion of the trial court. Royal Indemnity Co., supra, at 33; Myers, supra, at 495. The right to confer or revoke pro hac vice status is "part of the court's inherent power to regulate the practice before it and protect the integrity of its proceedings." Id. at 33-34. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 12} The Sixth Amendment guarantees a criminal defendant the right "to have the Assistance of Counsel for his defense." United States Constitution, Amendment VI. It is well-settled that a component of this right is the protection of a defendant's opportunity to obtain counsel of choice. Powell v. Alabama
(1932), 287 U.S. 45, 53, 53 S.Ct. 55, 58, 77 L.Ed. 158. TheSixth Amendment does not, however, "ensure that a defendant will inexorably be represented by the lawyer whom he prefers." Wheatv. United States (1988), 486 U.S. 153, 108 S.Ct. 1692,100 L.Ed.2d 140. "While a defendant's choice may not be arbitrarily denied, a defendant's right to choose his own counsel must be balanced against the fair and proper administration of justice."Fuller v. Diesslin, (1989), 868 F.2d 604, 607, citations omitted. In Enquire Printing and Pub. Co., Inc. v. O'Reilly
(1984), 193 Conn. 370, 375, the Supreme Court of Connecticut accurately described the balancing act faced by a judge when a litigant seeks out of state counsel when it stated:
 {¶ 13} "This limited scope of inquiry strikes the balance between the state's interest in regulating attorneys seeking to be admitted to practice pro hac vice and the litigant's interest in obtaining counsel of his own choice. In this period of greater mobility among members of the bar and the public, and the corresponding growth in interstate business, a court should reluctantly deny an application to appear pro hac vice. A litigant's request to be represented by counsel of his choice, when freely made, should be respected by the court, unless some legitimate state interest is thwarted by admission of the out-of-state attorney."
 {¶ 14} In Swearingen v. Waste Technologies Industries
(1999), 134 Ohio App.3d 702, the Seventh District Court of Appeals set forth some relevant factors for a judge to consider when reviewing a pro hac vice motion. Those factors include the age of the case at the time the pro hac vice motion was filed, the nature of the litigation, the complexity of the litigation, the burden on the nonmoving party and court if new counsel is permitted to appear, the prejudice to the moving party if the motion is denied, the interest of the litigant in choosing counsel, the prejudice to the party opposing the pro hac vice motion, and the ability of the court to maintain the orderly administration of justice. See, also, Dixon v. St. Vincent MercyMed. Ctr., 129 Ohio Misc.2d 45, 2004-Ohio-6497.
 {¶ 15} It is undisputed that this case involves a substance, which at this time, is largely unfamiliar to defense counsel, the prosecutor and even the arresting officers who are uniquely trained in the area of controlled substances. Appellant, months before trial, requested the assistance of an attorney who possesses a great deal of experience in defending cases much like the one brought against appellant. Appellant was not only facing jail time but, more devastating to her, deportation to her native Somalia should she be convicted of a felony. We agree with the trial court that appellant was fortunate in that her local trial counsel is an extremely competent attorney; however, mere availability of other competent counsel does not alone defeat a defendant's request for particular counsel. Fuller v. Diesslin,
supra. We note that appellant and her counsel, who admitted that he had never tried a case involving khat, specifically requested Moore's assistance only for the limited purpose of cross-examining the state's chemist. We further note that the state of Ohio never objected to the admission of attorney Moore pro hac vice.
 {¶ 16} Besides citing the competency of appellant's in state attorney, the trial judge in this case gave no reason for denying appellant's motion. When we weigh appellant's right to counsel of her choice, the fact that she submitted her pro hac vice motion months before trial with a full listing of counsel's qualifications, the fact that khat has only recently been introduced to this jurisdiction, the complex chemical make-up of the substance and the state's lack of objection against the court's interest in maintaining the orderly administration of justice, we can only conclude, absent any viable explanation from the trial judge, that the trial judge's decision to deny appellant's pro hac vice motion was an arbitrary and unreasonable denial of appellant's right to counsel of choice under the federal and state constitutions. Finding that the court abused its discretion, appellant's first assignment of error is found well-taken. In light of the foregoing, we need not address appellant's remaining assignment of error regarding the denial of her motion to suppress.
 {¶ 17} On consideration whereof, we find that appellant was prejudiced and prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is reversed. The matter is remanded for a new trial. Appellee is ordered to pay the costs of this appeal for which sum judgment is rendered against appellee on behalf of Lucas County and for which execution is awarded. See App.R. 24.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J., concur.