WALLS, Appellant,

v.

CITY OF TOLEDO, Appellee.

[Cite as *Walls v. Toledo,* 166 Ohio App.3d 349, 2006-Ohio-2111.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–05–1185.

Decided April 28, 2006.

Ronnie L. Wingate, for appellant.

Barbara E. Herring, Law Director; Adam Loukx, Rex Fiske, and John Madigan, for appellee.

---

PIETRYKOWSKI, Judge.

{¶ 1} This is an appeal from an order from the Lucas County Court of Common Pleas denying appellant Ethan Walls's attorney's motion for permission to practice pro hac vice. We find that the trial court did not abuse its discretion by denying the motion. The trial court decision is affirmed.

{¶ 2} The underlying litigation from which this appeal arises involves claims under Section 1983, Title 42, U.S.Code and state law filed by appellant seeking damages for false arrest and imprisonment and false, unlawful, and malicious prosecution, among other claims. The complaint was filed in the Lucas County Court of Common Pleas on January 27, 1999, and was signed by Ohio attorney Ronald Wingate and attorney Ernest L. Jarrett, as "Co–Counsel for Plaintiff— Pro Hac Vice." In fact, at that time, Jarrett, a Michigan attorney, had not yet applied to the trial court for pro hac vice status.

{¶ 3} On February 16, 1999, the case was removed to the federal district court and was assigned to Judge David A. Katz. At some early point in the case, Judge Katz allegedly orally granted Jarrett's motion for permission to practice pro hac vice. On August 12, 2003, Judge Katz entered a nunc pro tunc order stating "Attorney Ernest Jarrett is hereby admitted pro hac vice for the purpose of prosecuting the above captioned case." In this order, there is no reference to the alleged earlier date of admission by an oral order.

{¶ 4} In May 2004, appellant dismissed his federal law claims. On August 12, 2004, the case was remanded to Judge James D. Bates in the court of common pleas.

{¶ 5} On August 30, 2004, the trial court entered a notice of an initial pretrial conference scheduled for September 13, 2004. The notice indicated on the bottom that both Jarrett and Wingate were copied on this notice. On September 24, 2004, Jarrett's secretary, rather than Jarrett himself, signed a certificate of service of appellant's objections to appellees' motion for leave to file amended answer.

{¶ 6} On November 10, 2004, Judge Bates denied Jarrett's motion for permission to practice pro hac vice, stating that counsel had failed to appear for a scheduled pretrial and had consistently violated certain Ohio Rules of Civil Procedure. The case had been scheduled for trial on May 4, 2005.

{¶ 7} On January 26, 2005, Judge Bates recused himself, and the case was reassigned to Judge Denise A. Dartt. On March 3, 2005, Wingate filed a motion

for Judge Dartt to reconsider Judge Bates's denial of Jarrett's petition to practice pro hac vice. Attached to the motion was the affidavit of Jarrett stating that he never received notice of the initial pretrial conference with Judge Bates. In the affidavit Jarrett also admits that his failure to sign the certificate of service on his September 24, 2004 motion in opposition was a violation of the Ohio Rules of Civil Procedure, albeit a minor violation that would not be repeated. On May 3, 2005, Judge Dartt summarily denied counsel's motion for reconsideration.

{¶ 8} Appellant raises the following assignments of error:

{¶ 9} "Whether the lower court abused its discretion by denying Mr. Jarrett permission to practice pro hac vice.

{¶ 10} "Whether the law of the case doctrine applies such that having been granted permission to practice pro hac vice while the case was pending in the federal court, no new grant of permission is needed following remand."

{¶ 11} Regarding appellant's first assignment of error, in a pro hac vice issue in a criminal case, this court has recently stated:

{¶ 12} "Out-of-state lawyers have no absolute right under state or federal law to practice in Ohio. *Royal Indemnity Co. v. J.C. Penney Co.* (1986), 27 Ohio St.3d 31, 33[, 27 OBR 447, 501 N.E.2d 617]; *In re Myers* (1995), 107 Ohio App.3d 489, 495[, 669 N.E.2d 53]. Attorneys admitted in other states, but not in Ohio, may request permission from an Ohio court to appear pro hac vice. Gov.Bar R. I(9)(H), *Royal Indemnity Co.*, supra, at 33[, 27 OBR 447, 501 N.E.2d 617]. A court may specially admit an attorney not admitted to practice in Ohio, but in good standing in another state, to represent a person in a particular case. *State v. Ross* (1973), 36 Ohio App.2d 185, 188[, 65 O.O.2d 316, 304 N.E.2d 396]. The decision whether to permit an attorney to appear pro hac vice lies within the discretion of the trial court. *Royal Indemnity Co.*, supra, at 33[, 27 OBR 447, 501 N.E.2d 617]; *Myers*, supra, at 495[, 669 N.E.2d 53]. The right to confer or revoke pro hac vice status is 'part of the court's inherent power to regulate the practice before it and protect the integrity of its proceedings.' Id. at 33–34[, 27 OBR 447, 501 N.E.2d 617]. The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219[, 450 N.E.2d 1140]." *State v. Roble*, 6th Dist. No. L–04–1374, 2006-Ohio-328[, 2006 WL 205101], at ¶ 11.

{¶ 13} Further, the parties cite factors outlined in *Ross*. *Ross* enumerated three nonexclusive factors for courts to use in evaluating pro hac vice motions: "(1) Did there exist a long-standing close personal relationship between the party and the out-of-state counsel? (2) Is the out-of-state counsel the customary counsel for the party in jurisdictions where such out-of-state counsel is admitted

to practice? and (3) What is the situation with respect to the availability of counsel admitted to practice in Ohio who are competent to represent the party in the case?" Id. at 197, 65 O.O.2d 316, 304 N.E.2d 396.

▆▆▆ {¶ 14} Finally, in the context of a civil case such as the present one, "[t]here is no constitutional right to counsel in a civil proceeding between individual litigants." *Newsome v. Mt. Carmel Health Sys.*, 10th Dist. No. 05AP–169, 2005-Ohio-6853, 2005 WL 3528857, at ¶ 11, citing *Roth v. Roth* (1989), 65 Ohio App.3d 768, 776, 585 N.E.2d 482. "In *Swearingen v. Waste Technologies Industries* (1999), 134 Ohio App.3d 702, 731 N.E.2d 1229, the Seventh District Court of Appeals set forth some relevant factors for a judge to consider when reviewing a pro hac vice motion. Those factors include the age of the case at the time the pro hac vice motion was filed, the nature of the litigation, the complexity of the litigation, the burden on the nonmoving party and court if new counsel is permitted to appear, the prejudice to the moving party if the motion is denied, the interest of the litigant in choosing counsel, the prejudice to the party opposing the pro hac vice motion, and the ability of the court to maintain the orderly administration of justice." *Roble*, 2006-Ohio-328, 2006 WL 205101, at ¶ 14, citing *Dixon v. St. Vincent Mercy Med. Ctr.*, 129 Ohio Misc.2d 45, 2004-Ohio-6497, 822 N.E.2d 449; see, also, *Newsome* at ¶ 7.

{¶ 15} In *Newsome*, the court found that since the medical malpractice appellants had been represented by competent Ohio counsel from the beginning of the action and had sufficient time to retain additional counsel, if necessary or desired, the trial court did not abuse its discretion by denying the motion to admit an out-of-state attorney pro hac vice.

▆▆▆ {¶ 16} In the present case, applying the *Ross* nonexclusive three-prong test, appellant had a five-year long relationship with Jarrett, prior to the trial court's order denying Jarrett's pro hac vice status. However, there is no evidence that Jarrett is the "customary counsel" for appellant in Michigan where Jarrett is admitted to practice and competent Ohio counsel is available. In fact, appellant also had been represented by competent Ohio counsel, Wingate, from the beginning of the action. Further, considering additional factors considered in *Swearingen, Roble,* and *Newsome,* appellant had sufficient time before the May 4, 2005 trial date to retain additional counsel, if necessary or desired. Further, the trial court evidently found that its ability to maintain the orderly administration of justice was compromised by the pro hac vice admission of Jarrett, who admittedly failed to follow at least one Ohio procedural rule relative to certificate of service. Further, on the signature line of the original 1999 complaint, Jarrett appeared to claim for himself the status of "pro hac vice" prior to ever applying to the trial court for such status. Therefore, we find that the trial court did not abuse its discretion by denying Jarrett permission to practice pro hac vice.

{¶ 17} In his second assignment of error, appellant asserts that the doctrine of the law of the case applies to give Jarrett pro hac vice status in the state court. Essentially, appellant contends that since the federal court gave him pro hac vice status, the state trial court must also. The "law of the case" doctrine provides that "the decision of a *reviewing court* in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." (Emphasis added.) *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 462 N.E.2d 410. In *Nolan,* the Supreme Court of Ohio further noted that "the doctrine functions to compel trial courts to follow the mandates of reviewing courts." Id. In *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 519 N.E.2d 390, the court explained the "law of the case" doctrine as follows:

{¶ 18} "[T]he rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure *of superior and inferior courts* as designed by the Ohio Constitution. See *State, ex rel. Potain, v. Mathews* (1979), 59 Ohio St.2d 29, 32[, 13 O.O.3d 17, 391 N.E.2d 343]. * * * Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the *prior appeal,* the court is bound to adhere to the *appellate court's* determination of the applicable law." Id. at 160, 519 N.E.2d 390.

{¶ 19} "The doctrine, however, does not apply when, as here, two different court systems are involved. The federal trial court is not a reviewing court of the state trial court's decision." *State v. Whiteside* (Feb. 10, 1987), 10th Dist. No. 86AP–325, 1987 WL 6532. The federal trial court cannot be considered as a "reviewing court" over the state trial court on the issue of Jarrett's pro hac vice status. Further, appellant does not cite any cases that have applied the doctrine in this manner. We find that the doctrine of the law of the case simply does not apply for purposes of the pro hac vice issue.

{¶ 20} Based on the foregoing, we find appellant's assignments of error not well taken. Accordingly, the judgment of the Lucas County Court of Common Pleas is affirmed.

Judgment affirmed.

HANDWORK and PARISH, JJ., concur.