JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants, St. Luke's Medical Center, et al., appeal the decision of the trial court denying their motion for admission pro hac vice. Having *Page 3 
reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} The facts in this case involve a medical-malpractice claim in which the obstetrician is alleged to have negligently caused permanent brain damage to an infant. However, the sole issue on appeal here concerns only the lower court's denial of St. Luke's Medical Center's motion for admission pro hac vice.
 {¶ 3} This case was filed in late 2001 and was set for trial in August 2005, November 2005, and most recently on May 24, 2006. Substantial discovery was undertaken, and appellants identified eleven expert witnesses. Appellee deposed all defense experts with relevant knowledge on the issues of liability and proximate cause. Only one of the experts was from Ohio, therefore, obtaining the depositions was more expensive and time consuming than usual.
 {¶ 4} The law firm of Hanna, Campbell and Powell represented appellants throughout the entire course of discovery. During the time the case was pending, four attorneys from Hanna, Campbell and Powell actively participated in appellants' defense.
 {¶ 5} After the November 2005 trial date was cancelled, nothing changed. No additional discovery was permitted by the trial court and no other action of significance was taken. Then, on May 2, 2006, twenty-two days prior to the most recently scheduled trial date, appellants filed a motion pro hac vice seeking the *Page 4 
admission of an out-of-state attorney. However, prior to filing the motion, neither appellants nor any of the four attorneys indicated their need to retain additional counsel.
 {¶ 6} On May 17, 2006, after considering the briefs and arguments presented by both sides, the trial judge ruled on St. Luke's Medical Center's motion for admission pro hac vice. The lower court cited the nature of the litigation, the potential prejudice to the parties, and the advanced age of the case as support for its decision to deny the motion. This appeal now follows.
 II. {¶ 7} First assignment of error: "The trial court erred in denying St. Luke's Medical Center's motion for admission pro hac vice. (Journal Entry, May 17, 2006, Appendix Exhibit A)."
 III. {¶ 8} The decision of whether to permit representation by out-of-state counsel in an Ohio court is a matter within the discretion of the trial court. State v. Ross (1973), 36 Ohio App.2d 185; D. H. Overmyer Co. v.Robson (C.A. 6, 1984), 750 F.2d 31.
 {¶ 9} The exercise of the privilege of admitting an attorney pro hac vice is only accorded on a limited occasion brought about by an extraordinary set of circumstances. Westfall v. Cross (2001),144 Ohio App.3d 211. A denial of a *Page 5 
motion to admit counsel pro hac vice is final and appealable under R.C.2505.02(B)(4). Westfall, supra.
 {¶ 10} It is well settled that in addition to having discretion over the admission of out-of-state counsel, a trial court has "the inherent power to regulate the practice [of law] before it and protect the integrity of its proceedings." State v. Busch (1996), 76 Ohio St.3d 613,615. As such, out-of-state lawyers have no absolute right under state or federal law to practice in an Ohio court. Royal Indemn. Co. v. J.C.Penney Co., Inc. (1986), 27 Ohio St.3d 31, 33, 501 N.E.2d 617, citingLeis v. Flynt (1979), 439 U.S. 438, 99 S.Ct. 698, 58 L.Ed.2d 717. In that trial courts are at the front lines of the administration of justice, they deserve the discretion to be able to craft a solution that works in any given case. Busch, supra.
 {¶ 11} The decision whether to permit representation by out-of-state counsel in an Ohio court is a matter within the sound discretion of the trial court. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Absent a showing of abuse, the decision of a trial court will be upheld on appeal. In most instances where an abuse of discretion standard is applicable and the trial court's decision is reversed on appeal, it is the result of the decision simply being unreasonable rather than unconscionable or arbitrary. A trial court's decision may be found to be unreasonable by an appellate court only if there is no sound reasoning process that would support that decision. An appellate court is not permitted to find an abuse of *Page 6 
discretion merely because it would have arrived at a different result if it had reviewed the matter de novo. Swearingen v. Waste Techs.Indus. (1999), 134 Ohio App.3d 702.
 {¶ 12} In State v. Ross (1973), 36 Ohio App.2d 185, the trial court concluded that an out-of-state attorney would not comply with Ohio's Code of Professional Responsibility with respect to out-of-court statements. The court of appeals found that the trial court did not abuse its discretion and set out three questions that may be utilized by a trial court in ruling on a motion for admission pro hac vice. Those three questions are:
 "(1) Did there exist a long-standing close personal relationship between the party and the out-of-state counsel? (2) Is the out-of-state counsel the customary counsel for the party in jurisdictions where such out-of-state counsel is admitted to practice? and (3) What is the situation withspect to the availability of counsel admitted to practice in Ohio who are competent to represent the party in the case?"
Id. at 197.
 {¶ 13} In Westfall and Swearingen, supra, the Seventh District Court of Appeals noted that the three Ross factors were nonexclusive and considered other factors as well. Those factors included: the age of the case at the time the pro hac vice motion was filed; the nature of the litigation; the complexity of the litigation; the burden on the nonmoving party and court if new counsel was permitted to appear; the prejudice to the moving party if the motion was denied; the interest of the litigant in choosing counsel; the prejudice to the party opposing the pro hac vice motion; and the ability of the court to maintain the orderly administration of justice. *Page 7 
 {¶ 14} In the case at bar, the record demonstrates that the lower court meticulously reviewed and evaluated considerable evidence before denying St. Luke's Medical Center's pro hac vice motion. The trial judge reviewed comprehensive briefs from all parties prior to making his decision. The judge cited the extreme age of the case (over five years), the advanced stage of the case (just before trial), and the fact that appellants never previously represented to the court that they would need additional counsel before making his decision. In addition, the lower court cited Walls v. City of Toledo, 166 Ohio App.3d 349,2006-Ohio-2111, in its ruling.
 {¶ 15} Specifically, the lower court provided the following in its May 17, 2006, journal entry:
 "The court finds this matter has been pending before the court for 5 years, including almost proceeding to trial in November 2005. At no time did defendant ever represent to the court that additional counsel was needed.
 "Therefore, having considered the nature of the litigation, potential prejudice or burden to the parties, and the age of the case at the time admission for pro hac vice was filed, the court finds that motion to admit attorney A. Scott Johnson is untimely and is hereby denied. (See Walls v. City of Toledo, 2006 Ohio 2111, (Sixth Dist.)."
 {¶ 16} On appeal, in Walls, supra, the court found that the trial court did not abuse its discretion in denying the pro hac vice motion. The court applied factors gleaned from case precedents and noted that the attorney was not "customary counsel," competent Ohio counsel was involved, appellants had ample time before *Page 8 
trial to retain additional counsel, and the orderly administration of justice was compromised by the attorney's failure to follow Ohio procedural rules.
 {¶ 17} The case at bar involves a complex case pending before the court for over five years. Competent Ohio counsel was already involved in the matter and well aware of the details of this complex case. At no time prior to its motion did appellants represent to the trial court that they would need additional counsel.
 {¶ 18} In addition, allowing out-of-state counsel into the proceedings this late, a mere twenty-two days prior to the most recent scheduled trial date, would present an undue burden on appellee. Moreover, the record demonstrates that the out-of-state attorney had at least some prior association with one of the defense experts,[1] although there is some dispute as to the significance of this association.
 {¶ 19} Accordingly, based on the evidence in the case at bar, we find nothing in the record to demonstrate an abuse of discretion on the part of the trial court.
 {¶ 20} Accordingly, appellants' assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J., and MARY EILEEN KILBANE, J., CONCUR
[1] See reply in support of pro hac vice motion, May 10, 2006, at 7. *Page 1