LMC WEIGHT LOSS, INC., et al., Appellees,

v.

VICTORY MANAGEMENT, INC., et al., Appellants.

[Cite as *LMC Weight Loss, Inc. v. Victory Mgt., Inc.*, 182 Ohio App.3d 228, 2009-Ohio-2287.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–08–077.

Decided May 15, 2009.

D. Jeffrey Rengel and Thomas R. Lucas, for appellees.

Michael A. Rumer and Victoria U. Maisch, for appellants.

SINGER, Judge.

{¶ 1} This is an accelerated appeal from an order of the Erie County Court of Common Pleas, denying admission of out-of-state counsel pro hac vice.

{¶ 2} In the mid 1990s, appellees, LMC Weight Loss, Inc., and its principal, LaWanda Carter, purchased franchises for three weight loss centers from appellants, Thin and Healthy, Inc., and Victory Management, Inc. On Oct. 30, 2001, appellees sued appellants, alleging, among other things, fraud, misrepresentation, and violations of R.C. Chapter 1334.

{¶ 3} The matter was eventually tried to a jury, which found in favor of appellees on the statutory allegations and awarded damages of $35,000. Pursuant to R.C. 1334.09, the trial court trebled the damages to $105,000. Following the verdict, appellees moved for prejudgment interest and attorney fees. Appellants filed memorandums in opposition. Appellants, through local counsel, then filed a motion for the court to admit Massachusetts attorney Robert D. Loventhal pro hac vice to provide representation during the attorney fees hearing. Appellees responded with a memorandum in opposition, asserting that appellants' motion did not properly establish Loventhal's qualifications, that his presence was unnecessary, and that the only likely reason for his insertion into these proceedings after years of litigation was to produce further delay. The parties responded with a reply and a surreply on the issue. Ultimately, the trial court denied appellants' motion to admit Loventhal pro hac vice. From this order, appellants now bring this appeal, setting forth the following single assignment of error:

{¶ 4} "The trial court abused its discretion and was arbitrary in denying defendants' motion to admit out-of-state counsel *pro hac vice* for appearance for the hearing on the post judgment matters of attorney fees."

{¶ 5} "Out-of-state lawyers have no absolute right under state or federal law to practice in Ohio. *Royal Indemnity Co. v. J.C. Penney Co.* (1986), 27 Ohio St.3d 31, 33 [27 OBR 447, 501 N.E.2d 617]; *In re Myers* (1995), 107 Ohio App.3d 489, 495 [669 N.E.2d 53]. Attorneys admitted in other states, but not in Ohio, may request permission from an Ohio court to appear pro hac vice. Gov.Bar R. I(9)(H), *Royal Indemnity Co.*, supra, at 33 [27 OBR 447, 501 N.E.2d 617]. A court may specially admit an attorney not admitted to practice in Ohio, but in good standing in another state, to represent a person in a particular case. *State v. Ross* (1973), 36 Ohio App.2d 185, 188 [65 O.O.2d 316, 304 N.E.2d 396]. The decision whether to permit an attorney to appear pro hac vice lies within the discretion of the trial court. *Royal Indemnity Co.*, supra, at 33 [27 OBR 447, 501 N.E.2d 617]; *Myers*, supra, at 495 [669 N.E.2d 53]. The right to confer or revoke pro hac vice status is 'part of the court's inherent power to regulate the practice before it and protect the integrity of its proceedings.' [*Royal Indemnity*

*Co.*] at 33–34 [27 OBR 447, 501 N.E.2d 617]. The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219 [5 OBR 481, 450 N.E.2d 1140]." *State v. Roble,* 6th Dist. No. L–04–1374, 2006-Ohio-328, 2006 WL 205101, ¶ 11.

{¶ 6} Ohio appellate courts have set forth various factors to provide trial courts with guidance in exercising their discretion with respect to a pro hac vice admission. Most frequently cited are a set of questions recommended by the Tenth District Court of Appeals in *State v. Ross,* 36 Ohio App.2d at 197, 65 O.O.2d 316, 304 N.E.2d 396:

■ {¶ 7} "(1) Did there exist a long-standing close personal relationship between the party and the out-of-state counsel? (2) Is the out-of-state counsel the customary counsel for the party in jurisdictions where such out-of-state counsel is admitted to practice? and (3) What is the situation with respect to the availability of counsel admitted to practice in Ohio who are competent to represent the party in the case?"

■ {¶ 8} Also often considered are a set of factors enumerated by the Seventh District Court of Appeals in *Swearingen v. Waste Technologies Industries* (1999), 134 Ohio App.3d 702, 731 N.E.2d 1229. " 'Those factors include the age of the case at the time the pro hac vice motion was filed, the nature of the litigation, the complexity of the litigation, the burden on the nonmoving party and court if new counsel is permitted to appear, the prejudice to the moving party if the motion is denied, the interest of the litigant in choosing counsel, the prejudice to the party opposing the pro hac vice motion, and the ability of the court to maintain the orderly administration of justice.' " *Walls v. Toledo,* 166 Ohio App.3d 349, 2006-Ohio-2111, 850 N.E.2d 789, ¶ 14, quoting *Roble,* 2006-Ohio-328, 2006 WL 205101, at ¶ 14.

■ {¶ 9} In this matter, the trial court considered all of these factors and concluded that the case was seven years old, a verdict on the merits had already been rendered in favor of appellees, and postjudgment motions had already been briefed. Moreover, the court found that appellants had stated no purpose for additional counsel and that present local counsel was competent to handle any remaining issues. The court also found that appellants would not be materially prejudiced if out-of-state representation was not permitted. On these grounds, the court denied admission of Loventhal pro hac vice.

{¶ 10} Appellants insist that the trial court's decision was erroneous. According to appellants, local counsel would likely be a witness in any proceeding to determine reasonable attorney fees and, thus, would be precluded from continued representation during that stage of the proceedings. At the least, appellants

contend, the trial court should have afforded them a hearing on the motion to admit Loventhal pro hac vice.

{¶ 11} There is no requirement of a hearing on a motion for admission of an attorney pro hac vice. *Swearingen*, 134 Ohio App.3d at 717–718, 731 N.E.2d 1229. With respect to whether local counsel may or may not be precluded from continued representation during a hearing on attorney fees, this argument is a diversion. Irrespective of whether such preclusion is necessary, there is no mandate that substitute counsel be from out of state.

{¶ 12} Here, the trial court found that the admission of out-of-state counsel pro hac vice was inconvenient to the proceeding and not prejudicial to appellants. On review, we cannot say that these conclusions were arbitrary, unreasonable, or unconscionable. Accordingly, appellants' sole assignment of error is found not well taken.

{¶ 13} On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

HANDWORK and OSOWIK, JJ., concur.