[Cite as *Restless Noggins Mfg. v. Suarez Corp. Industries*, 2016-Ohio-3024.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| RESTLESS NOGGINS | : | Hon. W. Scott Gwin, P.J. |
| MANUFACTURING, LLC. | : | Hon. John W. Wise, J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : |  |
|  | : |  |
| -vs- | : | Case No. 2015CA00153 |
|  | : |  |
| SUAREZ CORPORATION | : |  |
| INDUSTRIES, et al. | : | O P I N I O N |
|  | : |  |
| Defendants-Appellants | : |  |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
Pleas, Case No. 2013CV00351


JUDGMENT:                    Reversed


DATE OF JUDGMENT ENTRY:      May 16, 2016


APPEARANCES:

For Plaintiff-Appellee              For Defendants-Appellants

THOMAS E. HARTNETT                  PATRICK J. KEATING
THOMAS L. SCANLON                   JOSHUA D. NOLAN
DAY KETTERER LTD                    CASEY J. DAVIS
200 Market Avenue North             BUCKINGHAM DOOLITTLE &
Suite 300                           BURROUGHS
Canton, Ohio  44702                 3800 Embassy Parkway, Suite 300
                                    Akron,Ohio  44333

*Wise, J.*

{¶1}    Appellants Suarez Corporation Industries and SCI Direct, LLC appeal the July 27, 2015, decision of Stark County Court of Common Pleas denying the Motion to Admit Nicole Milos *Pro Hac Vice.*

{¶2}    Appellee Restless Noggins Manufacturing, LLC filed a brief in this matter stating that it did not take a position on this matter in the trial court and likewise does not take a position in this appeal.

## STATEMENT OF THE FACTS AND CASE

{¶3}    The undisputed facts of the case are as follows:

{¶4}    On July 17, 2015, Defendants-Appellants, Suarez Corporation Industries ("SCI") and SCI Direct, LLC ("SCI Direct") filed an unopposed motion to admit Attorney Nicole Milos *pro hac vice* pursuant to Gov. Bar R. XII.

{¶5}    On July 27, 2015, the trial court denied the motion to admit Attorney Milos *pro hac vice* stating that Defendants did not present information for the Court's review relevant to the factors previously used by courts to approve a request to be admitted *pro hac vice* as articulated in a Tenth District case captioned *State v Ross*, 36 Ohio App.2d 185 (1973). (July 27, 2015, Judgment Entry at 1-2).

{¶6}    The July 27, 2015, Judgment Entry did not mention Gov. Bar R. XII or apply the factors outlined in this rule. The trial court stated that its denial was a final appealable order.

{¶7}    On August 14, 2015, Defendants-Appellants filed a motion for reconsideration of the motion to admit Attorney Milos *pro hac vice* and included an

additional affidavit providing the trial court with information relative to the *Ross* factors for the trial court's review. This motion was unopposed.

{¶8} On August 18, 2015, the trial court denied the motion for reconsideration.

{¶9} Defendants-Appellants now appeal both Judgment Entries, raising the following Assignments of Error for review:

## ASSIGNMENTS OF ERROR

{¶10} "I. THE TRIAL COURT ERRED IN FAILING TO APPLY GOV. BAR. XII WHICH CODIFIES THE PROCESS AND THE STANDARDS OF ADMISSION FOR OUT-OF-STATE ATTORNEYS. THE TRIAL COURT'S FAILURE TO USE RULE XII'S STANDARDS IS CONTRARY TO LAW AND IS ARBITRARY AND CAPRICIOUS.

{¶11} "II. IN THE ALTERNATIVE, THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANTS-APPELLANTS' MOTION FOR RECONSIDERATION DESPITE THE FACT THAT DEFENDANTS-APPELLANTS MET THE STATE V ROSS FACTORS."

## I., II.

{¶12} In their First and Second Assignments of Error, Appellants argue that the trial court erred in denying the motion to admit Nicole Milos *pro hac vice*. We agree.

{¶13} Effective January 1, 2011, the Ohio Supreme Court adopted Gov. Bar R. XII, which sets forth a standard admission procedure as well as a fee structure for admitting out-of-state attorneys. Attorneys seeking to appear *pro hac vice* must comply with the requirements set forth in such rule.

{¶14} Pursuant to Gov. Bar R. XII, "[a]n attorney is eligible to be granted permission to appear pro hac vice if:"

**{¶15}** (a) The attorney neither resides in nor is regularly employed at an office in this state or;

**{¶16}** (b) The attorney is registered for corporate status in Ohio pursuant to Gov. Bar R. VI, Section 3 or;

**{¶17}** (c) The attorney resides in this state but lawfully practices from offices in one or more other states or;

**{¶18}** (d) The attorney maintains an office or other systematic and continuous presence in Ohio pursuant to Prof.Cond.R. 5.5(d)(2) or;

**{¶19}** (e) The attorney has permanently relocated to Ohio in the last 120 days and is currently an applicant pending admission under Gov. Bar R. I.

**{¶20}** As further set forth in the Gov. Bar R. XII, the motion and affidavit seeking permission to appear *pro hac vice* must contain the following information:

**{¶21}** (6) The attorney may file a motion for permission to appear pro hac vice accompanied by a copy of the certificate of pro hac vice registration furnished by the Office of Attorney Services, and includes the following information:

**{¶22}** (a) The attorney's residential address, office address, and the name and address of the attorney's law firm or employer, if applicable;

**{¶23}** (b) The jurisdictions in which the attorney has ever been licensed to practice law, including the dates of admission to practice, resignation, or retirement, and any attorney registration numbers;

**{¶24}** (c) An affidavit stating that the attorney has never been disbarred and whether the attorney is currently under suspension or has resigned with discipline pending in any jurisdiction the attorney has ever been admitted;

**{¶25}** (d) A statement that the attorney has not been granted permission to appear pro hac vice in more than three proceedings before Ohio tribunals in the current calendar year pursuant to Section 2(A)(5);

**{¶26}** (e) The name and attorney registration number of an active Ohio attorney, in good standing, who has agreed to associate with the out-of-state attorney.

**{¶27}** Attorneys admitted to practice in other states but not admitted to practice in Ohio do not have a right to practice in courts in Ohio. *Royal Indem. Co. v. J.C. Penney Co.,* 27 Ohio St.3d 31, 33 (1986). They may, nevertheless, be permitted to appear in an action by the court *pro hac vice*, meaning "for this occasion or particular purpose." A trial court has wide discretion in the exercise of its duty to supervise members of the bar appearing before it. *Id.* at 35; *Schmidt v. Krikorian,* 12th Dist. No. CA2011–05–035, 2012–Ohio–683, ¶ 9. Consequently, a party challenging the trial court's denial of a motion to admit an out-of-state attorney *pro hac vice* must demonstrate that the trial court abused its discretion. *Id.* The term abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

**{¶28}** Appellate court decisions have identified several non-exclusive factors that a court should consider when determining whether or not to admit an attorney *pro hac vice*. These factors include: (1) whether a long-standing close personal relationship exists between the party requesting permission and the out-of-state counsel, (2) whether the out-of-state counsel is the customary counsel for the party in jurisdictions that allow *pro hac vice* admittance, (3) whether competent counsel in Ohio is available to represent the party, (4) the age of the case at the time the motion is filed, (5) the nature and complexity

of the litigation, (6) the burden on the court and the nonmoving party if the motion is granted, (7) the prejudice to the moving party if the motion is denied, and (8) the prejudice to the nonmoving party if the motion is granted. *State v. Ross*, 36 Ohio App.2d 185, 197, 304 N.E.2d 396 (1973); *Walls v. City of Toledo*, 166 Ohio App.3d 349, 850 N.E.2d 789, 2006–Ohio–2111, ¶ 14 (citations omitted).

{¶29} In the case before us, upon the trial court's initial denial of Atty. Milos' motion, Appellants re-submitted the motion with an affidavit as required by Gov. Bar R. XII which addressed her close relationship with Appellants, her knowledge of their manufacturing practice and procedure, and her involvement in this matter for one year prior to the instant litigation. As set forth above, the opposing party did not object to the motion.

{¶30} Based on our review of the record before us, we find that in their August 14, 2015, Motion for Reconsideration of Motion to Admit, Appellants addressed the factors cited in the trial court's July 27, 2015, denial of the *pro hac vice* motion. In denying the August 14, 2015, motion, the trial court failed to provide any rationale to support its decision. Based on this lack of reasoning in support of such denial, we find that the trial court abused its discretion in this matter.

**{¶31}** Appellants' Assignments of Error are sustained.

**{¶32}** For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed.


By Wise, J.,

Gwin, P. J., and

Delaney, J., concur.


JWW/d 0411