[Cite as *Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A. v. Lavin*, 2020-Ohio-3123.]

wCOURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| KRUGLIAK, WILKINS, GRIFFITHS, AND DOUGHERTY CO. L.P.A., | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2019CA00151 |
| | : | |
| DANIEL LAVIN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
Common Pleas, Case No.
2018CV02322

JUDGMENT:                              AFFIRMED

DATE OF JUDGMENT ENTRY:      May 27, 2020

APPEARANCES:
 For Plaintiff-Appellee:                           For Defendant-Appellant:

 RALPH F. DUBLIKAR                        DAVID R. MAYO
 BAKER, DUBLIKAR, BECK,               BENESCH FRIEDLANDER
 WILEY & MATHEWS                        COPLAN & ARONOFF LLP
 400 South Main Street                      200 Public Sq., Ste. 2300
 North Canton, OH 44720                   Cleveland, OH 44114-2309

                                                           RONALD L. HOUSE
                                                           BENESCH FRIEDLANDER
                                                           COPLAN & ARONOFF LLP
                                                           41 S. High St., Ste. 2600
                                                           Columbus, OH 43215

                                                            JUDE STREB
                                                            BUCKINGHAM DOOLITTLE et al.
                                                            4277 Munson St. NW
                                                            Canton, OH 44718

*Delaney, J.*

{¶1}   Defendant-appellant Daniel Lavin ("Lavin") appeals from the September 20, 2019 Judgment Entry Denying Motion for Admission *Pro Hac Vice* of the Stark County Court of Common Pleas.  Plaintiff-appellee is the law firm of Krugliak, Wilkins, Griffiths, and Dougherty Co., L.P.A. ("Krugliak").

## FACTS AND PROCEDURAL HISTORY

{¶2}   This appeal arose from an action in which Krugliak complains of nonpayment of attorney's fees for representation of Lavin in matters pertaining to his mother's estate and trust.

{¶3}   In his answer, Lavin admitted he engaged Krugliak to represent him individually in matters pertaining to his mother's estate and trust, of which he was named executor.  Lavin raised several defenses to the claim of nonpayment, including breach of contract and failure to bill regularly, as well as alleging that certain work was not reasonable or necessary.  Lavin also asserted Krugliak was negligent in its representation of him.

{¶4}   During a portion of the representation, Lavin resided in Houston, Texas, and retained counsel in Houston named Casey Lambright.  Lambright sought permission before the trial court to be admitted *pro hac vice* to represent Lavin as co-counsel.

{¶5}   Krugliak opposed the motion.  Krugliak asserts that when attorney fees became an issue, Lambright was "intricately involved" in communicating with Krugliak attorneys, as reflected in numerous emails, correspondence, and telephone conversations documented in exhibits attached to the trial court filings.  The topics of these communications included the course of the representation, the necessity and

reasonableness of certain work and fees, and disagreements about substantive matters regarding how Krugliak was handling various issues in the case. Lambright traveled to Ohio to meet with Krugliak representatives to discuss representation issues and fees. Krugliak asserts Lambright "was counseling and perhaps instructing [Lavin] as to whether he should or should not pay Krugliak's bills."

{¶6} Krugliak filed its complaint in November 2018. In response to Krugliak's Interrogatories and Request for Production of Documents, Lavin listed Lambright as a "person having knowledge of discoverable matters and/or information concerning the claims that are being made in this case and any defenses asserted herein." In response to an interrogatory regarding whom Lavin intended to call as witnesses, Lavin answered "Defendant reserves the right to call any or all of the persons named in his answer to Interrogatory No. 2," which included Lambright.

{¶7} Lavin agrees Lambright has represented him in the ongoing fee dispute since its commencement and acknowledges Lambright will be a trial witness but will not participate as counsel. Lavin asserts he sought Lambright's admission in a limited role: "* * * Mr. Lambright's admission was sought solely for the limited purpose of assisting in the discovery process and potentially in pretrial hearings, not trial." Brief, 3.

{¶8} On August 29, 2019, Lavin moved for admission *pro hac vice* of Lambright. Krugliak responded with a brief in opposition on September 11, 2019. On September 20, 2019, via judgment entry, the trial court denied Lavin's motion.

{¶9} Lavin now appeals from the trial court's judgment entry of September 20, 2019.

{¶10} Appellant raises three assignments of error:

## ASSIGNMENTS OF ERROR

{¶11} "I.    THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S PRO HAC MOTION FOR THE SOLE PURPOSE OF CONDUCTING DISCOVERY AND ANY PRE-TRIAL MOTION PRACTICE ON THE BASIS THAT COUNSEL IS LIKELY A NECESSARY WITNESS."

{¶12} "II.    THE TRIAL COURT ABUSED ITS DISCRETION IN RULING UPON APPELLANT'S PRO HAC MOTION BY FAILING TO ANALYZE THE NON-EXCLUSIVE FACTORS IDENTIFIED BY THIS COURT IN RESTLESS NOGGINS MFG. V. SUAREZ CORP. INDUS."

{¶13} "III.    THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO HOLD A HEARING ON THE PRO HAC MOTION AND IN FAILING TO ANALYZE SUBSTANTIAL HARDSHIP UPON APPELLANT AND THE RESTLESS NOGGINS MFG. V. SUAREZ CORP. INDUS. FACTORS."

## ANALYSIS

### I., II., III.

{¶14} Lavin's three assignments of error are related and will be considered together.  Lavin argues the trial court erred in denying his motion for admission of counsel *pro hac vice*.  We disagree.

{¶15} This Court reviewed the process of admitting counsel *pro hac vice* in *Restless Noggins Mfg. v. Suarez Corp. Industries*, 5th Dist. Stark No. 2015CA00153, 2016-Ohio-3024, at ¶ 13-28.  Effective January 1, 2011, the Ohio Supreme Court adopted Gov. Bar R. XII, which sets forth a standard admission procedure as well as a fee

structure for admitting out-of-state attorneys. Attorneys seeking to appear *pro hac vice* must comply with the requirements set forth in such rule.

{¶16} Pursuant to Gov. Bar R. XII, "[a]n attorney is eligible to be granted permission to appear *pro hac vice* if:

(a) The attorney neither resides in nor is regularly employed at an office in this state or;

(b) The attorney is registered for corporate status in Ohio pursuant to Gov. Bar R. VI, Section 3 or;

(c) The attorney resides in this state but lawfully practices from offices in one or more other states or;

(d) The attorney maintains an office or other systematic and continuous presence in Ohio pursuant to Prof.Cond.R. 5.5(d)(2) or;

(e) The attorney has permanently relocated to Ohio in the last 120 days and is currently an applicant pending admission under Gov. Bar R. I.

{¶17} As further set forth in the Gov. Bar R. XII, the motion and affidavit seeking permission to appear *pro hac vice* must contain the following information:

(6) The attorney may file a motion for permission to appear *pro hac vice* accompanied by a copy of the certificate of *pro hac vice* registration furnished by the Office of Attorney Services, and includes the following information:

(a) The attorney's residential address, office address, and the name and address of the attorney's law firm or employer, if applicable;

(b) The jurisdictions in which the attorney has ever been licensed to practice law, including the dates of admission to practice, resignation, or retirement, and any attorney registration numbers;

(c) An affidavit stating that the attorney has never been disbarred and whether the attorney is currently under suspension or has resigned with discipline pending in any jurisdiction the attorney has ever been admitted;

(d) A statement that the attorney has not been granted permission to appear *pro hac vice* in more than three proceedings before Ohio tribunals in the current calendar year pursuant to Section 2(A)(5);

(e) The name and attorney registration number of an active Ohio attorney, in good standing, who has agreed to associate with the out-of-state attorney.

{¶18} Attorneys admitted to practice in other states but not admitted to practice in Ohio do not have a right to practice in courts in Ohio. *Royal Indem. Co. v. J.C. Penney Co.,* 27 Ohio St.3d 31, 33 (1986). They may, nevertheless, be permitted to appear in an action by the court *pro hac vice,* meaning "for this occasion or particular purpose." A trial court has wide discretion in the exercise of its duty to supervise members of the bar appearing before it. *Id.* at 35; *Schmidt v. Krikorian,* 12th Dist. No. CA2011–05–035,

2012–Ohio–683, ¶ 9. Consequently, a party challenging the trial court's denial of a motion to admit an out-of-state attorney *pro hac vice* must demonstrate that the trial court abused its discretion. *Id.* The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶19} Appellate court decisions have identified several non-exclusive factors that a court should consider when determining whether or not to admit an attorney *pro hac vice.* These factors include: (1) whether a long-standing close personal relationship exists between the party requesting permission and the out-of-state counsel, (2) whether the out-of-state counsel is the customary counsel for the party in jurisdictions that allow *pro hac vice* admittance, (3) whether competent counsel in Ohio is available to represent the party, (4) the age of the case at the time the motion is filed, (5) the nature and complexity of the litigation, (6) the burden on the court and the nonmoving party if the motion is granted, (7) the prejudice to the moving party if the motion is denied, and (8) the prejudice to the nonmoving party if the motion is granted. *State v. Ross,* 36 Ohio App.2d 185, 197, 304 N.E.2d 396 (1973); *Walls v. City of Toledo,* 166 Ohio App.3d 349, 850 N.E.2d 789, 2006–Ohio–2111, ¶ 14 (citations omitted).

{¶20} We will refer to the factors supra as the *Restless Noggins* factors for consistency with the parties' arguments.

{¶21} In the instant case, the trial court denied Lavin's motion to admit Lambright *pro hac vice* "based upon [his] likely role as a necessary witness" in the litigation. Judgment Entry, September 20, 2019. Lavin argues Lambright's exclusion results in hardship if he is not admitted as counsel in discovery and pretrial matters, and Krugliak

has not demonstrated prejudice arising from his admission.  Krugliak responds that Lambright is a likely primary witness in the case and admitting him for the purpose of conducting discovery and attending pretrial meetings would, at minimum, create an appearance of impropriety.

{¶22} In terms of applicable *Restless Noggins* factors, the balance is neutral.  The parties agree that Lavin is represented by competent Ohio counsel. At the time of the motion for admittance (August 29, 2019), the case had been pending since November 2018, was scheduled for mediation on September 26, 2019, for final pretrial on October 10, 2019, and trial on October 21, 2019.  Although Krugliak argued it would be prejudicial for Lambright to be admitted two weeks prior to scheduled mediation, the timing of the request is not an issue cited by the trial court.

{¶23} As noted supra, the *Restless Noggins* factors are non-exclusive, and in the instant case, a different factor is determinative.   In Lavin's motion for *pro hac vice* admittance, Lambright's role in the litigation is described as follows:

> 6.   Mr. Lambright has served as counsel for Mr. Lavin in numerous matters over the past 7 years and continues to do so.  In fact Mr. Lambright served as Mr. Lavin's counsel in all of the matters that are the subject of [Krugliak's] Complaint for attorney fees in this case, has had numerous discussions with [Krugliak] on Mr. Lavin's behalf on those matters and has been representing Mr. Lavin in the ongoing dispute with [Krugliak] since its commencement.
>
> Motion for Admission of Counsel *Pro Hac Vice* on Behalf of Defendant Daniel Lavin, 1-2.

{¶24} It is evident from the description above, and from the materials attached to Krugliak's brief in opposition in the trial court, that Lambright is a necessary and material witness in the case. Lavin acknowledges Lambright will be a trial witness, and insists the *pro hac vice* admission is only for the purpose of pretrial and discovery. It is not clear to us, and Lavin does not specify, how this distinction would work in practical application. It is evident from the record that Lambright was "intimately involved in the various proceedings whereby the Krugliak firm was representing defendant Lavin, and Lambright was involved in the various discussions regarding the strategy of the representation, the reasonableness and necessity of certain work that was or was not being done, the reasonableness of the fees, the regularity with which defendant Lavin was being billed, and whether or not [Krugliak] was complying with the terms of the retention agreement." Krugliak "Brief Opposing Defendant's Motion for Admission of Counsel *Pro Hac Vice*," 10.

{¶25} In the instant case, we have a party represented by competent Ohio counsel, seeking admission of out-of-state counsel who will be a necessary witness in the litigation but seeking admission as counsel for the nebulous limited purpose of "pretrial matters" alone. The issue before us is whether the trial court abused its discretion in denying the motion for admission *pro hac vice* due to Lambright's role as a likely witness.

{¶26} Lambright was not disqualified in this case; instead, he was merely not admitted *pro hac vice*. It is helpful to review the disciplinary rules pertaining to attorney-witnesses, however, because Krugliak complains of potential impropriety. Rule 3.7(a) of the Ohio Rules of Professional Conduct provides:

> A lawyer shall not act as an advocate at a trial in which the
> lawyer is likely to be a necessary witness unless one or more of the

following applies: (1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services

rendered in the case; (3) the disqualification of the lawyer would

work *substantial* hardship on the client.  (Emphasis sic.)

{¶27} The Ohio Supreme Court exercises exclusive jurisdiction over the admission of lawyers to practice law in Ohio and over the discipline of those lawyers. See, *Mentor Lagoons, Inc. v. Rubin* , 31 Ohio St.3d 256, 259–260, 510 N.E.2d 379 (1987), citing *D.H. Overmyer Co., Inc. v. Robson*, 750 F.2d 31, 33 (C.A.6, 1984), Section 5(B), Article IV of the Ohio Constitution, and Gov.Bar R. V. Nonetheless, lower courts have a duty to ensure that the attorneys who practice before it do not violate the Disciplinary Rules, and those courts have the inherent power to disqualify an attorney from acting as counsel in a case when the attorney cannot or will not comply with the Code of Professional Responsibility and when such action is necessary to protect the dignity and authority of the court.  *Mentor Lagoons, Inc. v. Rubin,* supra, 31 Ohio St.3d at 259, and *Royal Indemn. Co. v. J.C. Penney Co., Inc.* , 27 Ohio St.3d 31, 34, 501 N.E.2d 617 (1986), quoting *Hahn v. Boeing Co.* , 95 Wash.2d 28, 34, 621 P.2d 1263 (1980). "A delicate balance must be struck between two competing considerations: the prerogative of a party to proceed with counsel of its choice and the need to uphold ethical conduct in courts of law." *Gould, Inc. v. Mitsui Mining & Smelting Co.*, 738 F.Supp. 1121, 1124 (N.D.Ohio 1990).

{¶28} We find the trial court in the instant case did not abuse its discretion in denying the *pro hac vice* admission because the attorney is a likely witness.   The appearance of, or likelihood of, impropriety is a reasonable basis for the trial court to deny

the motion. An abuse of discretion does not exist when a trial court finds "[a]mple evidence reflect[ing] concerns of impropriety" associated with a request for *pro hac vice* admission and therefore denies the motion. See, *U.S. Xpress, Inc. v. Hub Group, Inc.*, 6th Dist. Lucas No. L-16-1296, 2017-Ohio-2819, ¶ 18, appeal not allowed, 151 Ohio St.3d 1505, 2018-Ohio-365, 90 N.E.3d 947 [*pro hac vice* motion denied due to recent representation of competitor and adverse party in another state during the same timeframe, involving several of the same witnesses].

{¶29} In *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990), the Supreme Court set forth the following test to determine whether the trial court had abused its discretion: "* * * *. It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." A decision is unreasonable if there is no sound reasoning process that would support that decision. *Schmidt v. Krikorian*, 12th Dist. Clermont No. CA2011-05-035, 2012-Ohio-683, ¶ 10. It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *Id.* If a trial court is concerned that counsel is likely to become a witness, the trial court gave a sound reasoning process that would support its decision to deny a motion to admit counsel *pro hac vice.* See, *Schmidt v. Krikorian*, supra, 12th Dist. Clermont No. CA2011-05-035, 2012-Ohio-683, ¶ 15; see also, *Guccione v. Hustler Magazine, Inc.*, 25 Ohio App.3d 48, 49, 495 N.E.2d 586, 587–88 (10th Dist.1985), appeal not allowed, 37 Ohio St.3d 712, 532 N.E.2d 142 [trial court did not err in concluding members of the out-of-state counsel's firm might be

called as witnesses and did not abuse its discretion in declining to admit out-of-state counsel]. Additionally, where counsel is likely to be called as a witness, a trial court's decision to disqualify counsel is not an abuse of discretion. See, *Sauer v. Greene*, 62 Ohio App.3d 22, 24–25, 574 N.E.2d 542, 543–44 (2nd Dist.1989) [trial court based its decision to disqualify counsel partly upon the grounds that party intended to call counsel to testify as a witness, the testimony would be relevant to a contested matter, and there was no showing of undue hardship as a result of having to substitute counsel at that stage of the proceedings].

{¶30} Lavin argues the trial court should have held a hearing on the motion, but as Krugliak points out, the instant case does not involve disqualification of counsel, merely denial of a motion to admit *pro hac vice*. No hearing was required.

{¶31} Upon our review of the record, we find the trial court's decision was not an abuse of discretion, and Lavin's sole assignment of error is therefore overruled.

**CONCLUSION**

{¶32} Appellant's three assignments of error are overruled and the judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, J. and

Baldwin, J., concur.